98 F.3d 1335
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles MILLICAN, Plaintiff-Appellant,
and
Dedee Millican, Plaintiff,
v.
HICKORY SPRINGS MANUFACTURING COMPANY, Defendant-Appellee,
and
Collegiate Designs, Incorporated; Locke White; Robert
Dameron, Defendants.
 No. 96-1235.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 3, 1996.
Decided Oct. 9, 1996.
 
 Gary M. Bowman, Roanoke, Virginia, for Appellant. W. David Paxton, Melissa Warner Scoggins, K. Brett Marston, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Millican appeals the district court's decision granting summary judgment for Hickory Springs Manufacturing Company (Hickory) in Millican's retaliation action, 42 U.S.C. § 2000e-3(a) (1994). Hickory claimed Millican's failure to timely file a claim with the Equal Employment Opportunity Commission (EEOC) barred his action, and the district court agreed. Finding no error, we affirm.
 
 
 2
 To maintain a Title VII retaliation action, a claimant must establish that he filed a claim with the EEOC within 180 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Here, Millican filed an EEOC complaint on December 20, 1994, in which he attested that the last act of retaliation occurred on May 1, 1994. Because more than 180 days elapsed between the final act of retaliation and the filing of the EEOC complaint, Millican may not maintain this action.
 
 
 3
 Accordingly, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.